UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond
Mark May and Paul Markwitz,

                          Plaintiffs,                           **COMPLAINT**

    -vs-

                                            5:19-cv-171 (FJS/DEP)

FORT EDWARD EXPRESS CO., INC.

                          Defendant.

_____

       The Plaintiffs, New York State Teamsters Conference Pension and Retirement Fund and its Trustees (hereinafter referred to as the "Pension Fund"), by its attorneys, Paravati, Karl, Green & DeBella, LLP, complaining of the Defendant herein, respectfully allege and state that:

### JURISDICTION AND VENUE

    1.     The instant action arises under the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 et seq., and the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 U.S.C. §181 et seq., as hereinafter more fully appears.

    2.     Jurisdiction is conferred upon this Court by 29 U.S.C. §1132(e) and 29 U.S.C. §185.

    3.     Venue properly lies in the United States District Court for the Northern District of New York ("Northern District") pursuant to 29 U.S.C. §1132(e)(2) since the Pension Fund is located and administered within the Northern District of New York.

4.     Venue also lies in this judicial district pursuant to the parties contractual agreement and the rules of the Pension Fund that an action of this type shall be brought in the County of Onondaga which lies wholly within the Northern District of New York.

## PARTIES

5.     The Pension Fund is an employee benefit fund which was created and exists pursuant to an Agreement and Declaration of Trust ("Trust Agreement") entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters ("Teamsters") and is a multi-employer plan ("Plan") as defined in 29 U.S.C. §1002(37)(A).

6.     At all times relevant hereto, the Pension Fund has its offices at, and is administered from, 151 Northern Concourse, Syracuse, New York 13212.

7.     John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr., Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark May and Paul Markwitz are individual trustees of the Pension Fund ("Trustees") and are "fiduciaries" as defined in 29 U.S.C. §1002(21).

8.     Upon information and belief, and at all times relevant hereto, Fort Edward Express Co., Inc., (hereinafter referred to as "Fort Edward") is a domestic corporation with offices at 1402 U.S. 9, Fort Edward, New York 12828-0394 and is an "employer" as defined in 29 U.S.C. §1002(5).

9.     As a condition precedent to participating in the Pension Fund Plan, employers must execute a collective bargaining agreement with the Teamsters and a participation agreement with the Pension Fund both of which agreements require the participating employer to make employee benefit contributions to the Plan.  The participation agreement is one of the Plan documents that sets forth the terms and conditions by which the employer must contribute to the Pension Fund.

10.     Upon information and belief, at all times relevant hereto, Fort Edward was a participating employer in the Pension Fund and signatory to both a participation agreement with the Pension Fund and a collective bargaining agreement with Local 294 ("Agreements").

11. As a participating employer, Fort Edward is also bound by the terms of the Trust Agreement, Agreements and Plan documents as well as the rules and regulations adopted by the Trustees.

## FIRST COUNT

12.     Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "11" inclusive above.

13.     Pursuant to the provisions of the Agreements and Plan, Fort Edward agreed to make certain benefit contributions to the Pension Fund on behalf of all of its covered employees; further, and pursuant to 29 U.S.C. §1145, Fort Edward is required to contribute to the Pension Fund in accordance with the terms and conditions of the aforesaid Agreements and/or Plan.

14.     Pursuant to the participation agreement and Plan, Fort Edward further agreed that the Pension Fund could audit its books and records in order to determine if contributions were properly made on behalf of all covered employees.  In the event the audit disclosed that Fort Edward did not fully comply with the terms of the participation agreement and Plan, and that contributions were not properly made, Fort Edward would be liable for all contribution delinquencies, liquidated damages and audit fees, along with interest, costs and reasonable attorneys' fees.

15.     On or about March 9, 2016, the Pension Fund conducted an audit of Fort Edward's books and records and determined that it owes the Pension Fund delinquent employee benefit contributions, liquidated damages, pension increases and audit fees in the amount of $16,553.16 for the period January, 2013 through January 2016 (hereinafter referred to as the "Audit Liability").

16.     The Pension Fund thereafter notified Fort Edward of the Audit Liability and made demand for payment of same.

17.     Fort Edward did remit various partial payments of the Audit Liability but continued to accrue additional monthly contribution delinquencies and liquidated damages, thereby increasing the total

3

amount of unpaid employee benefit contributions, liquidated damages and audit fees to $45,316.34 as of January 31, 2019.

18.     On numerous occasions, the Pension Fund repeatedly made demands for payment of the balance of the Audit Liability and the other later accumulated delinquent employee benefit contributions and liquidated damages.

19.     However, despite ongoing demand for payment of these monies, Fort Edward has failed, refused and/or neglected to remit any additional monies.

20.     Fort Edward's failure and refusal to pay the monies rightfully due and owing the Pension Fund is in violation of ERISA, 29 U.S.C. §1145, as well as the terms of the Plan, Plan documents, and/or agreements that require payment of the contributions, liquidated damages and audit fees due the Pension Fund. Accordingly, Fort Edward is liable to the Pension Fund in the amount of $45,316.34 for delinquent employee benefit contributions, liquidated damages, and audit fees due as of January 31, 2019, along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(g)(2), the Plan, Plan documents and/or agreements to which Fort Edward was a party.

## SECOND COUNT

21.     Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "20" inclusive above.

22.     In regard to the aforesaid delinquent employee benefit contributions, federal law mandates that the Pension Fund be awarded additional compensatory relief. Pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund shall be awarded, in addition to the unpaid contributions, liquidated damages and audit fees, interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

23.     Since the instant action was commenced by the Pension Fund pursuant to ERISA, in the event judgement is awarded in favor of the Pension Fund, and pursuant to 20 U.S.C.

§1132(g)(2), the Pension Fund requests the unpaid balance of the delinquent contributions, liquidated damages and audit fees in the amount of $45,316.34 due as of January 31, 2019; interest at a Fund determined rate; an additional award of the greater of interest or liquidated damages as established by the participation agreement and Plan; reasonable attorneys' fees; and costs.

WHEREFORE, Plaintiffs demand judgment against Fort Edward as follows:

A.  The sum of $45,316.34 due the Pension Fund for delinquent employee benefit contributions, liquidated damages and audit fees as of January 31, 2019.

B. Additional delinquent employee benefit contributions and liquidated damages due after January 31, 2019.

C.  Interest on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(B).

D.  An additional award of the greater of interest or liquidated damages in accordance with 29 U.S.C. §1132(g)(2)(C).

E.  Costs and reasonable attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D).

F.  Such other and further relief as to this Court may seem just and proper.

Dated:  February 8, 2019
       Utica, New York

**PARAVATI, KARL, GREEN & DEBELLA, LLP**

By: /s/ Vincent M. DeBella_____
    Vincent M. DeBella, Esq. (101465)
    Gerald J. Green, Esq. (101850)
    Attorneys for Plaintiffs
    **OFFICE & P.O. ADDRESS**
    520 Seneca Street, Suite 105
    Utica, New York 13502
    Phone: (315) 735-6481
    Fax: (315) 735-6406
    E-mail: vdebella@pkgdlaw.com
    E-mail: gjgreen15@yahoo.com